601 A.2d 421

Ann Louise BOGETTI and John Bogetti,
her husband, Appellants,

v.

PENNSYLVANIA DEPARTMENT OF TRANSPORTATION,
Nissan Motor Company, Ltd. and Nissan Motor
Corporation in U.S.A., Appellees.

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1991.
Decided Dec. 13, 1991.

Gary M. Lang, for appellants.

John E. Hall, for appellees.

Before PELLEGRINI and BYER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is the appeal of Ann Louise Bogetti and John A. Bogetti (Bogettis) from the October 18, 1990 order of the Court of Common Pleas of Allegheny County which transferred venue of this matter from Allegheny County to the Court of Common Pleas of Northumberland County. The trial court's decision is affirmed.

On October 17, 1988, Mrs. Bogetti, while operating a vehicle on state route 225 in Jackson Township, Northumberland County, Pennsylvania, was involved in a single-car automobile accident. As a result of the accident, the Bogettis brought suit against the Pennsylvania Department of Transportation, Nissan Motor Company, Ltd. and Nissan Motor Company Corporation in the United States of America (Appellees). In their suit, the Bogettis assert that a berm drop-off and the absence of a guiderail caused Mrs. Bogetti to lose control of her automobile. Thereafter, Mrs. Bogetti's vehicle proceeded back onto the roadway, moved across the roadway, through the southbound lane, off the west berm and down a twenty-five foot embankment. The automobile ultimately struck and came to rest against a tree. As Mrs. Bogetti's vehicle travelled down the embankment, it rolled over several times. During the course of these rollovers, one or both of the front doors of the vehicle opened ejecting Mrs. Bogetti. As a result of injuries which

Mrs. Bogetti suffered in the accident, she is now a paraplegic.

The Bogettis filed suit in Allegheny County, Pennsylvania. Preliminary objections were filed by the Pennsylvania Department of Transportation (DOT). The preliminary objections of DOT assert that since the accident occurred in Northumberland County and PennDOT maintains a local office in Northumberland County, then the instant claim should be brought in Northumberland County pursuant to Section 8523(a) of the Judicial Code (Code), 42 Pa.C.S. § 8523(a). The trial court ordered that this matter be transferred to the Court of Common Pleas of Northumberland County and this appeal followed.[1] The issue before this Court is whether venue in Allegheny County is improper or a forum non conveniens.

■ The Bogettis argue that venue in this matter would properly lie in Allegheny County. The venue provision of Section 8523(a) of the Code, 42 Pa.C.S. § 8523(a) provides that:

Actions for claims against a Commonwealth party may be brought in and only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

The Code, however, does not define the term "local office" for venue purposes. The authority to define the term "local office" of a state agency for venue purposes was specifically delegated to the Attorney General via Section 3(b) of the Act of September 28, 1978, P.L. 788 (1978 Act), *as amended*, 42 Pa.C.S. § 931 Historical Note:

The Attorney General shall promulgate rules and regulations not inconsistent with this act in order to implement the intent of the act. The subject of the rules and

1. Pursuant to Pa.R.A.P. 311(c), an order in a civil action transferring venue is an interlocutory order and is appealable as of right.

regulations may include ... the designation of local and principal offices for Commonwealth agencies.

The venue regulation promulgated by the Attorney General in effect as of the date of the accident in the instant action as provided by 37 Pa.Code § 111.4(c) states that: "[T]he local office of the Commonwealth party is the local office located in that county where the cause of action arose or where the transaction or occurrence took place out of which the cause of action arose."

■ The Bogettis' argument, therefore, is that the Attorney General's venue regulation defining "local offices" of state agencies is invalid since the regulation usurps the intent of the legislature in defining "venue" in the Code. The Bogettis assert that when the legislature enacted the current Code, the then existing regulation contemplated, at a minimum, that service upon DOT could be in Dauphin, Philadelphia or Allegheny Counties. In essence, the definition of "local office" interposed by the regulations operates as a repeal of the legislature's intent to permit venue against a Commonwealth agency in any county in which a local office is maintained.

In 1985, this Court in *Department of Transportation v. Chatzidakis,* 89 Pa.Commonwealth Ct. 106, 112–13, 492 A.2d 1170, 1172 (1985) in interpreting the regulation pertaining to venue stated:

We affirm that the intent of the Legislature when it used the term "local office" in Section 8523(a) of the Code, was not to open all 67 counties of the Commonwealth to suits against DOT, irrespective of where the cause of action arose. Had the legislature so intended, it easily could have said so by simply providing that suit could be brought in any county of the Commonwealth. The statutory language that actions shall be brought in and only in certain counties disavows any legislative intent that suit may be brought anywhere in the Commonwealth.

While this Court in *Chatzidakis* was dealing with an earlier venue regulation, "administrative interpretations, not disturbed by the Legislature are appropriate guides to Legisla-

tive intent." *Hospital Association of Pennsylvania v. MacLeod,* 487 Pa. 516, 523, 410 A.2d 731, 734 (1980).

Section 1921(c)(6) of the Statutory Construction Act of 1972 (Act), 1 Pa.C.S. § 1921(c)(6) provides that an important consideration in interpreting the words of a statute that are not explicit is the consequence of a particular interpretation. The Act also creates presumptions that "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." Section 1922(1) of the Act, 1 Pa.C.S. § 1922(1). Further, the General Assembly is to favor the public interest as against a private interest. Section 1922(5) of the Act, 1 Pa.C.S. § 1922(5).

DOT maintains a maintenance office in all 67 counties of the Commonwealth. If the meaning of the term "local office" was not restricted in any manner, then suit against DOT would be authorized in any county in Pennsylvania. As correctly asserted by Appellees, this will lead to forum shopping, wherein plaintiffs could elect to file suit in counties distant from the accident location. As a consequence, to allow an unrestricted definition of the term "local office" for purposes of venue will lead to congested courts in certain areas of the Commonwealth as well as require citizens of counties to attend jury duty for trials which bear no relationship to their county.

In the instant action, suit was filed some 215 miles from the accident site in Northumberland County. Further, the Bogettis themselves are from Northumberland County and there is no indication that any witnesses in this matter are from Allegheny County. Because the cause of action in this matter did not arise in Allegheny County, there is no transaction or occurrence which took place out of which the cause of action arose in Allegheny County, and to avoid an absurd and unreasonable result as well as favoring the public interest against a private interest, venue does not properly lie in Allegheny County.[2] Consequently, the order

2. Having determined that venue does not lie in Allegheny County in this instance, we need not address the Bogettis' remaining issue.

of the trial court transferring venue of this matter to Northumberland County is affirmed.

BYER, J., concurs in the result only.

## ORDER

AND NOW, this 13th day of December, 1991, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.