**Robert G. SHAFFER and Darlene R. Shaffer, his wife, Appellants**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION and University of Pittsburgh Medical Center/Presbyterian.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 2003.

Decided Jan. 28, 2004.

Theodore E. Breault, Pittsburgh, for appellants.

John R. Benty, Pittsburgh, for appellees.

BEFORE: PELLEGRINI, Judge, L. COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge COHN.

Robert G. Shaffer and Darlene R. Shaffer, his wife, appeal the order of the Court of Common Pleas of Allegheny County, sustaining the Department of Transportation's (DOT) Preliminary Objections in the Nature of a Petition to Transfer Venue, and transferring the case to the Court of Common Pleas of Forest County, with the Shaffers to bear the costs of the transfer. We must decide whether venue in this matter properly lies in Forest County or Allegheny County.

The facts in this case are straightforward. Mr. Shaffer was injured in a one-vehicle accident on State Route 0899 in Forest County, when a tree limb fell onto his car causing him to lose control of the vehicle, drive over an embankment, and strike a tree. Emergency personnel extracted Shaffer from his vehicle, and transported him by helicopter to Presbyterian University Hospital (Hospital) in Pittsburgh, Allegheny County, 112 miles from Forest County.[1]

The Shaffers subsequently filed an action in the Court of Common Pleas of Allegheny County against both DOT and the Hospital, alleging that DOT negligently maintained State Route 0899, *and* that the Hospital negligently treated him for injuries he sustained as a result of the accident.[2] DOT filed preliminary objections to the Shaffers' complaint, claiming improper venue. After reviewing the parties' briefs, the trial court determined that venue was not proper in Allegheny County; thus, the court entered an order sustaining DOT's objections and transferring the action to the Court of Common Pleas of Forest County. The Shaffers appeal that order to this Court.[3]

On appeal, the Shaffers contend that (1) the Tort Claims Unit of the Western District Office of the Attorney General in Allegheny County is the "local office" for the purpose of determining venue; (2) venue is proper in Allegheny County because the Hospital's treatment of Mr. Shaffer was "an occurrence which took place out of which the cause of action arose"; and (3) even if transfer is appropriate, they should not have to pay the costs for transfer of the matter. Following a discussion of the rules governing

---

1. Presbyterian University Hospital is an affiliate hospital of the University of Pittsburgh Medical Center.

2. The complaint also included claims on behalf of Mrs. Shaffer for loss of consortium against both DOT and the Hospital.

3. Pursuant to Pa. R.A.P. 311(c), an order in a civil action transferring venue is interlocutory, but appealable as of right. *See also* *Bogetti v. Department of Transportation,* 144 Pa.Cmwlth. 180, 601 A.2d 421, 422 n. 1 (1991).

venue, we will address these issues seriatim.[4]

We begin our analysis with the general venue provision found in Pennsylvania Rule of Civil Procedure 1006. In 2002, the Supreme Court amended the venue rule for actions filed on or after January 1, 2002. Because the Shaffers' complaint was filed on September 11, 2002, the changes in Rule 1006 must be considered here. The amended rule states, in pertinent part:

> (a) **Except as otherwise provided by subdivisions (a.1), (b) and (c)** of this rule, an action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.
>
> (a.1) **Except as otherwise provided by subdivision (c),** a medical professional liability action may be brought against a health care provider[5] for a medical professional liability claim only in a county in which the cause of action arose.
>
> * * *
>
> (c)(1) ... [A]n action to enforce a joint or joint and several liability against two

or more defendants, **except actions in which the Commonwealth is a party defendant,**[6] may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b).

(Emphasis and footnotes added.) Thus, actions in which the Commonwealth is a party defendant are expressly excluded from Rule 1006, which would otherwise require a medical professional liability action to be brought against a healthcare provider for a medical professional liability claim only in a county in which the cause of action arose.

■ The proper venue rule when Commonwealth parties are involved is Section 8523 of the Judicial Code, 42 Pa.C.S. § 8523:

> (a) Venue.—Actions for claims against a Commonwealth party may be brought in and only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose....

Where there are *multiple defendants* with different venue rules, the venue rules for the Commonwealth party control. *Rib-*

---

**4.** A trial courts ruling on venue will not be disturbed if the decision is reasonable in light of the facts. *Sunderland v. R.A. Barlow Homebuilders,* 791 A.2d 384, 387 (Pa.Super.2002), *affirmed,* —— Pa. ——, 838 A.2d 662 (2003). A decision to transfer venue will be upheld unless the trial court abused its discretion. *Id.*

**5.** Section 5101.1(c) of the Judicial Code, 42 Pa.C.S. § 5101.1(c), provides a definition of a health care provider as follows:
Health care provider. A primary health care center, ..., *or a* person, including a corporation, *university* or other educational institution *licensed or approved by the Com-*

*monwealth to provide health care or professional medical services as a* physician, a certified nurse midwife, a podiatrist, *hospital,* nursing home, birth center, and an officer, employee or agent of any of them acting in the course and scope of employment. (Emphasis added.) The Hospital is, thus, considered a health care provider by statute.

**6.** Section 8501 of the Judicial Code, 42 Pa. C.S. § 8501, defines "Commonwealth party" as a Commonwealth agency for purposes of Chapter 42. DOT is a Commonwealth agency by definition and is, thus, considered a Commonwealth party by statute.

nicky v. Yerex, 549 Pa. 555, 701 A.2d 1348, 1351 n. 4 (1997) (emphasis added).

This case, however, involves more than multiple defendants: it involves *multiple causes of action.* Our state Supreme Court has never adopted a comprehensive definition of what constitutes a cause of action, noting that no such definition exists. *Kuisis v. Baldwin–Lima–Hamilton Corporation,* 457 Pa. 321, 325 n. 7, 319 A.2d 914, 918 n. 7 (1974). However, in cases involving claims based upon negligence, Pennsylvania courts have defined cause of action to mean the negligent act or omission, as opposed to the injury which flows from the tortuous conduct. *Sunderland v. R.A. Barlow Homebuilders,* 791 A.2d 384, 390 (Pa.Super.2002), *affirmed,* —— Pa. ——, 838 A.2d 662 (2003). We agree with the Shaffers that the issues here can be distinguished from those in other Pennsylvania venue cases, because this case involves *two* causes of action allegedly caused by the separate negligence of *two* tortfeasors, and their alleged negligent acts occurred in *two* different counties.

 It is hornbook law that a tortfeasor is responsible for the consequences of his actions. *Spangler v. Helm's New York–Pittsburgh Motor Express,* 396 Pa. 482, 153 A.2d 490 (1959). Therefore, **original** tortfeasors are "primarily liable for all that befalls the one they injure in the hands of those whose treatment is required." *Boggavarapu v. Ponist,* 518 Pa. 162, 165, 542 A.2d 516, 517 (1988)(emphasis added) (citing *Thompson v. Fox,* 326 Pa. 209, 192 A. 107 (1937) (holding that liability of the original wrongdoer extends to the additional harm caused by negligent medi-

cal treatment necessitated by the original accident)). Consequently, we must determine whether one of these two causes of action is considered primary to the other, as claimed by DOT, or whether the "liability of one is not primary to the liability of the other," as claimed by the Shaffers. (Brief at 10.)

 Pennsylvania has adopted Section 457 of the Restatement (Second) of Torts (1965),[7] which provides:

> If the negligent actor is liable for another's bodily injury, he is also subject to liability for any additional bodily harm resulting from normal efforts of third parties in rendering aid which the other's injury reasonably requires, irrespective of whether such acts are done in a proper or a negligent manner.

The following illustration is instructive:

> A's negligence causes B serious harm. B is taken to a hospital. The surgeon improperly diagnoses his case and performs an unnecessary operation, or, after proper diagnosis, performs a necessary operation carelessly. **A's negligence is a legal cause of the additional harm which B sustains.**

Section 457 of the Restatement (Second) of Torts, Illustration 1. (Emphasis added.) Mr. Shaffer averred in his complaint that it was DOTs negligent maintenance of tree limbs along State Route 0899 that caused him to have the automobile accident in which he suffered injuries. Mr. Shaffer was taken to the Hospital for treatment of his injuries which, he alleges, was negligently provided, causing him additional harm.[8] Thus, it is clear that DOTs alleged

7. *See Thompson v. Fox,* 326 Pa. 209, 192 A. 107 (1937). The decision in *Thompson* is an application of the Restatement (Second) of Torts § 457 (1965). *Embrey v. Borough of West Mifflin,* 257 Pa.Super. 168, 390 A.2d 765, 772 (1978).

8. The Shaffers actually note in their brief that, [b]ut for the conduct of DOT, there would have been no medical service required in Allegheny County by [Hospital] personnel to [Mr. Shaffer]. (Brief at 11, no. 4.) They also state, on page 14 of their brief, that [o]ccurrence

negligence was the legal cause of the *additional harm* that Mr. Shaffer allegedly sustained at the Hospital. Accordingly, DOTs alleged negligent maintenance of tree limbs is the primary cause of action in this case.

The Shaffers, however, raise two arguments as to why venue is, nonetheless, proper in Allegheny County. First, they argue that the Tort Claims Unit of the Western District Office of the Attorney General in Allegheny County is the "local office" of the Commonwealth party for the purpose of determining venue under Section 8523(a) of the Judicial Code, 42 Pa. C.S. § 8523(a) (providing that actions for claims against a Commonwealth party may be brought, *inter alia*, in and only in a county in which the **principal or local office** of the Commonwealth party is located. (Emphasis added.)) However, the Office of the Attorney General is *not* the Commonwealth party; it is not a party at all to this legal action. It is, instead, the office designated to provide legal representation to the Commonwealth party (DOT). Therefore, contrary to the Shaffers' contention, the *Attorney General's* Western District Office in Allegheny County cannot serve as the "local office of the Commonwealth party" for purposes of venue in this case.

It is true that DOT, the "Commonwealth party," does have a maintenance office in each of the 67 counties of this Commonwealth, including Allegheny County. However, we have held that the term "local office" does not include DOT's maintenance offices because, otherwise, suit against DOT would be allowed in *any* county in the state, which would permit

forum shopping. *Bogetti*, 601 A.2d at 423. *See also Department of Transportation v. Chatzidakis*, 89 Pa.Cmwlth. 106, 492 A.2d 1170 (1985) (interpreting 37 Pa.Code § 111.4(c), the regulation that pertains to venue and stating that the Legislature did not intend the term "local office" as used in Section 8523(a) to open all 67 counties in the state to suits against DOT). Accordingly, venue cannot lie in Allegheny County since, under Regulation 111.4(c), the local office of DOT is in the county *where the cause of action arose*. In the case *sub judice*, the primary cause of action was DOTs allegedly negligent maintenance of tree limbs along State Route 0899 in Forest County. Therefore, the trial court correctly transferred this case from Allegheny County to Forest County.

Second, the Shaffers argue that venue is proper in Allegheny County because the Hospital's treatment of Mr. Shaffer was "an occurrence which took place out of which the cause of action arose." 42 Pa.C.S. § 8523(a). However, (1) the primary cause of action in this case involved DOT's alleged negligence which occurred in Forest County; and (2) proper venue for DOT, as a Commonwealth party, controls where venue rules conflict due to the presence of multiple defendants. *Ribnicky*.

Finally, "[i]n response to the Commonwealth's request that the plaintiffs pay for the costs of a transfer of this matter to Forest County," (Brief at 14), the Shaffers contend that DOT's Petition to Transfer Venue implicates Rule 1023.1(c)(2) of the Pennsylvania Rules of Civil Procedure.[9] The Shaffers claim that

number one was the auto accident, occurrence number two was the medical malpractice, both being a continuum of conduct as to the plaintiff.

9. Rule 1023.1 pertinently states:

(c) The signature of an attorney or pro se party constitutes a certificate that the signatory has read the pleading, motion, or other paper. By signing, filing, submitting, or later advocating such a document, the at-

DOT has failed to supply any facts or law to support its position. As examples, the Shaffers state that DOT failed to cite a case "involving two defendants whose conduct bore a continuing impact on an injured plaintiff" or one that "discusses § 8523(a) with reference to [the clause]: '... or occurrence took place **out of which** the cause of action arose.'" (Brief at 14, emphasis in original). We disagree. Our review of the record indicates that the facts, case law and statutory authority cited in DOT's brief adequately substantiates its position.

Accordingly, having concluded that transfer of the case to Forest County was correct, and that costs were correctly imposed on the Shaffers, the order of the Court of Common Pleas of Allegheny County is affirmed.

### ORDER

**NOW,** January 28, 2004, the Order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

torney or pro se party certifies that, to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances

. . .

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law.