# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Abdur Raheem Muhammad, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 2116 C.D. 2015 |
| | : | Submitted: October 21, 2016 |
| | : | |
| Arthur Carl Schwotzer; Gregg A. | : | |
| Schwotzer and the Estate of | : | |
| Gregg A. Schwotzer (Deceased); | : | |
| W. Reid Howe; Ryan Schwotzer; | : | |
| Damian Winchel; Anna Mason; | : | |
| Jinada Rochelle; Christine E. Rice; | : | |
| JoAnn L. Edwards; Stephen A. | : | |
| Glassman; Arberdella White-Davis; | : | |
| James D. Holt; Homer C. Floyd; | : | |
| Tom Corbett; Edward G. Rendell; | : | |
| Crossgates Management | : | |
| Incorporated d/b/a Swissvale Towers | : | |
| Association; Pennsylvania Human | : | |
| Relations Commission; Pennsylvania | : | |
| Housing Finance Agency and the | : | |
| Commonwealth of Pennsylvania | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: February 6, 2017

Abdur Raheem Muhammad, as administrator of the estate of his mother, Clarice Wilkerson-Sudduth (decedent), appeals *pro se* an order of the Philadelphia County Court of Common Pleas (trial court) that sustained the preliminary objections filed by the Pennsylvania Human Relations Commission, Pennsylvania Housing Finance Agency, and other Commonwealth agents (collectively, Agencies) to Muhammad's civil action alleging that Agencies were

liable for the death of his mother. The trial court sustained Agencies' preliminary objections to venue and transferred the matter to the Allegheny County Court of Common Pleas or the Dauphin County Court of Common Pleas, by choice of Muhammad. For the reasons that follow, we affirm the order of the trial court.

On January 6, 2015, Muhammad, *pro se*, commenced this action in the Philadelphia County Court of Common Pleas against various private and governmental parties, including Agencies.[1] Muhammad alleged, *inter alia*, that Agencies were responsible for decedent's death by allowing her to live in "deplorable conditions" while she was a resident at Swissvale Tower Apartments, a subsidized apartment complex in Allegheny County.

Agencies filed preliminary objections asserting that venue in Philadelphia County was improper. Muhammad did not respond. By order dated May 6, 2015, the trial court sustained Agencies' preliminary objections to venue and transferred the action to Allegheny County, where the alleged negligence occurred. On May 15, 2015, Muhammad filed a motion for reconsideration. By order dated June 12, 2015, the trial court granted reconsideration in part and vacated the May 6, 2015, order. The trial court again sustained Agencies' venue objections but ordered that the case should be transferred either to the Allegheny

---

[1] The named defendants are: Arthur C. Schwotzer; Gregg A. Schwotzer and the Estate of Gregg A. Schwotzer; W. Reid Howe; Ryan Schwotzer; Damian Winchel; Anna Mason; Jinada Rochelle; Christine E. Rice; JoAnn L. Edwards; Stephen A. Glassman; Arberdella White-Davis; James D. Holt; Homer C. Floyd; Tom Corbett; Edward G. Rendell; Crossgates Management Incorporated d/b/a Swissvale Towers Association; Pennsylvania Human Relations Commission; Pennsylvania Housing Finance Agency; and Commonwealth of Pennsylvania. Service was only perfected upon six defendants, who are now the appellees in this case: Pennsylvania Human Relations Commission and its two employees Jinada Rochelle and JoAnn L. Edwards; Pennsylvania Housing Finance Agency; Commonwealth of Pennsylvania; and Edward G. Rendell.

County Court of Common Pleas or the Dauphin County Court of Common Pleas, at Muhammad's selection.

On July 2, 2015, Muhammad appealed to the Superior Court. Agencies filed an application to transfer the matter to this Court, which the Superior Court granted on September 14, 2015, pursuant to Section 762 of the Judicial Code, 42 Pa. C.S. §762.[2] On October 8, 2015, Muhammad filed an application for reconsideration of the Superior Court's transfer order. Reconsideration was denied on October 30, 2015. Muhammad petitioned the Supreme Court for permission to appeal the denial of reconsideration. The Supreme Court denied allocatur. *Muhammad v. Schwotzer,* (Pa., No. 8 EAL 2016, filed February 29, 2016). As a result, Muhammad's appeal of the trial court order dated July 12, 2015, which transferred the case from Philadelphia County to Dauphin or Allegheny County, is ready for disposition.[3]

---

[2] Section 762 states, in relevant part:

  (a) General rule. – Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

   (1) Commonwealth civil cases. – All civil actions or proceedings:

    (i) Original jurisdiction of which is vested in another tribunal by virtue of any of the exceptions to section 761(a)(1) (relating to original jurisdiction), except actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court.

42 Pa. C.S. §762(a)(1)(i). *See also* Rule 751 of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 751 (relating to transfer of erroneously filed cases).

[3] Pursuant to Rule 311(c) of the Pennsylvania Rules of Appellate Procedure, an order in a civil action transferring venue is interlocutory, but appealable as of right. Rule 311(c) provides:

**(Footnote continued on the next page . . .)**

On appeal,[4] Muhammad argues that the trial court erred in transferring his complaint against Agencies because Philadelphia County is the proper venue.[5] Agencies respond that the trial court correctly transferred the matter in accordance with the applicable venue rules. We agree.

"The proper venue rule when Commonwealth parties are involved is Section 8523 of the Judicial Code, 42 Pa. C.S. §8523." *Shaffer v. Department of Transportation*, 842 A.2d 989, 992 (Pa. Cmwlth. 2004). The Judicial Code defines

---

**(continued . . .)**

> (c) Changes of Venue, etc. – An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of *forum non conveniens* or analogous principles.

Pa. R.A.P. 311(c).

[4] "[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law." *Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011). A trial court's decision to transfer venue "will be upheld unless the trial court abused its discretion." *Shaffer v. Department of Transportation*, 842 A.2d 989, 992 n.4 (Pa. Cmwlth. 2004).

[5] Muhammad argues that his initial venue choice, Philadelphia County, deserves "weighty consideration" based on the doctrine of *forum non conveniens*. He cites Rule 1006(d)(1) of the Pennsylvania Rules of Civil Procedure, which provides:

> For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county *where the action could originally have been brought*.

Pa. R.C.P. No. 1006(d)(1) (emphasis added). The law governing the application of this rule is well settled, and requires a showing that the plaintiff's choice of forum is oppressive or vexatious to the defendant. *Walls v. Phoenix Insurance Co.*, 979 A.2d 847, 851 (Pa. Super. 2009). Muhammad argues that Agencies have failed to show that defending the matter in Philadelphia County is oppressive or vexatious, and thus transfer of venue was improper. This argument is flawed. The doctrine of *forum non conveniens* cannot be used to litigate a matter in a county where venue does not properly lie. Instead, it applies where venue lies in more than one county. Here, because venue was never proper in Philadelphia County, *forum non conveniens* is inapplicable and Agencies need not prove that defending the action in Philadelphia County is oppressive or vexatious.

"Commonwealth party" as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa. C.S. §8501. It is beyond dispute that Agencies are Commonwealth parties. When there are multiple defendants with different venue rules, the venue rules for the Commonwealth party controls. *Shaffer,* 842 A.2d at 992-93 (citing *Ribnicky v. Yerex*, 701 A.2d 1348, 1351 n.4 (Pa. 1997)). Accordingly, Section 8523 of the Judicial Code governs venue in this matter. It provides:

> (a) Venue.--Actions for claims against a Commonwealth party may be brought in and only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. If venue is obtained in the Twelfth Judicial District (Dauphin County) solely because the principal office of the Commonwealth party is located within it, any judge of the Court of Common Pleas of Dauphin County shall have the power to transfer the action to any appropriate county where venue would otherwise lie.

42 Pa. C.S. §8523(a). Similarly, the regulation governing venue of tort claims against the Commonwealth provides:

> (a) Venue in actions for claims against a Commonwealth party as defined in 42 Pa. C.S. §8501 (relating to definitions) shall be in the county in which one of the following exists:
>
> > (1) The cause of action arose.
> >
> > (2) A transaction or occurrence took place out of which the cause of action arose.
> >
> > (3) The principal office of the Commonwealth party is located.
> >
> > (4) The local office of the Commonwealth party is located.

5

(b) The principal offices of Commonwealth parties are the same as those offices designated in §111.1(b) and (c) (relating to service of process).

(c) For purposes of subsection (a)(4), the local office of the Commonwealth party is the local office located in that county where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

37 Pa. Code §111.4.

Applying the above principles, we agree with the trial court that venue lies either in Allegheny County or Dauphin County. Venue is proper in Allegheny County because Muhammad's cause of action arises out of the alleged unsafe living conditions of decedent's apartment, which was located in Allegheny County. Venue is also proper in Dauphin County because that is where the principal offices of Agencies, the Pennsylvania Human Relations Commission and Pennsylvania Housing Finance Agency, are located.[6] Even if either or both Agencies have a field office in Philadelphia, venue would not lie under the local office rule in 37 Pa. Code §111.4(a)(4). As explained in Section 111.4(c), the "local office" of a Commonwealth party is its office in the county where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. 37 Pa. Code §111.4(c). The allegations underlying Muhammad's complaint bear no relation to Philadelphia County.

---

[6] The Pennsylvania Human Relations Commission's principal office is located at 333 Market Street, 8th Floor, Harrisburg, Pennsylvania 17101. The Pennsylvania Housing Finance Agency's principal office is located at 211 North Front Street, Harrisburg, Pennsylvania 17105.

For these reasons, the trial court did not err in transferring Muhammad's complaint to the Court of Common Pleas of Allegheny County or Dauphin County.[7] The trial court's order is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

---

[7] Muhammad's brief contains various arguments regarding his need for accommodations based on a physical disability. These issues are not the subject of this appeal; accordingly, this Court will not address them.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdur Raheem Muhammad, : 
              Appellant : 
               : 
          v. :   No. 2116 C.D. 2015
               : 
Arthur Carl Schwotzer; Gregg A. : 
Schwotzer and the Estate of : 
Gregg A. Schwotzer (Deceased); : 
W. Reid Howe; Ryan Schwotzer; : 
Damian Winchel; Anna Mason; : 
Jinada Rochelle; Christine E. Rice; : 
JoAnn L. Edwards; Stephen A. : 
Glassman; Arberdella White-Davis; : 
James D. Holt; Homer C. Floyd; : 
Tom Corbett; Edward G. Rendell; : 
Crossgates Management : 
Incorporated d/b/a Swissvale Towers : 
Association; Pennsylvania Human : 
Relations Commission; Pennsylvania : 
Housing Finance Agency and the : 
Commonwealth of Pennsylvania : 

# **O R D E R**

AND NOW, this 6th day of February, 2017, the order of the Philadelphia County Court of Common Pleas dated June 12, 2015 in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge