IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                              :
            Appellant                        :
                                             :   No. 1898 C.D. 2016
            v.                               :   Submitted:  May 26, 2017
                                             :
Zygmont Pines and Tom Wolf                   :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                       FILED: June 20, 2017


            Alton D. Brown (Brown), an inmate currently incarcerated at the State Correctional Institution at Greene (SCI-Greene), appeals *pro se* an order of the Court of Common Pleas of Philadelphia County (Philadelphia Common Pleas) sustaining the preliminary objections filed by defendant Governor Tom Wolf (Governor Wolf) that Philadelphia Common Pleas was the improper venue to hear the matter and transferring it to the Court of Common Pleas of Greene County. We affirm.


            Brown commenced this action by filing a complaint with the Philadelphia Common Pleas on March 2, 2016, asserting numerous claims pertaining to his incarceration and treatment at SCI-Greene, including retaliation, denial of access to courts, cruel and unusual punishment, civil conspiracy,

intentional infliction of emotional distress, malpractice, assault and battery, and unlawful use of force. Brown's complaint names 55 defendants,[1] including Governor Wolf and former Court Administrator of Pennsylvania Courts Zygmont Pines (Administrator Pines). Brown seeks injunctive, declaratory and mandamus relief, as well as compensatory and punitive damages.

On March 28, 2016, Administrator Pines filed preliminary objections to Brown's complaint seeking dismissal of the actions based on sovereign immunity, quasi-judicial and qualified immunity, and failure to state a claim. Brown failed to respond, and by order dated April 21, 2016, the Philadelphia Common Pleas sustained Administrator Pines' preliminary objections and dismissed all claims against him, with prejudice.

On August 18, 2016, Governor Wolf filed preliminary objections asserting that venue in Philadelphia County was improper. Governor Wolf argued that pursuant to Section 8523 of the Judicial Code, 42 Pa. C.S. § 8523, venue should be transferred to Greene County because that is where the events that led to the cause of action all occurred. By order dated September 13, 2016, the Philadelphia Common Pleas sustained Governor Wolf's preliminary objections and

---

[1] Also named as defendants are former Attorney General Kathleen Kane; former Inspector General Graying Williams; Secretary of Corrections John Wetzel; three named employees of the Department of Corrections' central office; 42 named and unnamed corrections officers at SCI-Greene; SCI-Greene's contracted medical provider; four employees of Greene County; and Washington Hospital and Waynesburg Hospital, both of which are located in Greene County. While Brown named all of these individuals and entities as defendants, the only defendants who were properly served with the complaint were Governor Wolf and Administrator Pines.

transferred the case to the Court of Common Pleas of Greene County. This appeal followed.[2]

Brown argues[3] that the Philadelphia Common Pleas abused its discretion in transferring his complaint to Greene County because Administrator Pines is the lead defendant, his principal office is located in Philadelphia County, and the cause of action against him arose in Philadelphia County. In the alternative, Brown argues that venue properly lies in Dauphin County as opposed to Greene County because that is where Governor Wolf's principal office lies.

When there are multiple named defendants with different venue rules, the venue rules for the Commonwealth party[4] controls. *Shaffer v. Department of Transportation*, 842 A.2d 989, 992-93 (Pa. Cmwlth. 2004) (citing *Ribnicky v. Yerex*, 701 A.2d 1348, 1351 n.4 (Pa. 1997)). Accordingly, Section 8523(a) of the Judicial Code is the proper venue rule, and that section provides:

---

[2] Pursuant to Pa. R.A.P. 311(c), an order in a civil action transferring venue is interlocutory, but appealable as of right.

[3] A trial court's decision to transfer venue will be upheld unless the court abused its discretion. *Shaffer v. Department of Transportation*, 842 A.2d 989, 992 n.4 (Pa. Cmwlth. 2004) (citation omitted). "A trial court's ruling on venue will not be disturbed if the decision is reasonable in light of the facts." *Id.*

[4] The Judicial Code defines "Commonwealth party" as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office of employment." 42 Pa. C.S. § 8501. Here, it is undisputed that Brown named numerous Commonwealth parties as defendants.

Actions for claims against a Commonwealth party may be brought in and only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. If venue is obtained in the Twelfth Judicial District (Dauphin County) solely because the principal office of the Commonwealth party is located within it, any judge of the Court of Common Pleas of Dauphin County shall have the power to transfer the action to any appropriate county where venue would otherwise lie.

42 Pa. C.S. § 8523(a). Similarly, the regulation implementing that provision and governing tort claims brought against the Commonwealth provides:

(a) Venue in actions for claims against a Commonwealth party as defined in 42 Pa. C.S. § 8501 (relating to definitions) shall be in the county in which one of the following exists:

(1) The cause of action arose.

(2) A transaction or occurrence took place out of which the cause of action arose.

(3) The principal office of the Commonwealth party is located.

(4) The local office of the Commonwealth party is located.

* * *

(c) For purposes of subsection (a)(4), the local office of the Commonwealth party is the local office located in that county where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

4

37 Pa. Code § 111.4.

Brown's contention regarding Administrator Pines that venue should be in Philadelphia County is without merit because all of the asserted claims against him were dismissed with prejudice approximately four months before Governor Wolf's preliminary objections were filed. In any event, as the Philadelphia Common Pleas noted, Administrator Pines' principal office is located in Harrisburg, Dauphin County, and none of the alleged transactions or occurrences from Brown's complaint took place in Philadelphia County; therefore, venue could not lie in Philadelphia County.

We agree with the Philadelphia Common Pleas that venue properly lies in either Greene County or Dauphin County. Greene County is appropriate because the cause of action arose at SCI-Greene, the transactions or occurrences averred in the complaint all took place there, and the majority of the defendants are located in Greene County. *See* 42 Pa. C.S. § 8523(a); 37 Pa. Code §§ 111.4(a)(1) and (2). Venue could also be in Dauphin County because Governor Wolf's principal office is located in Harrisburg, Dauphin County. *See* 42 Pa. C.S. § 8523(a); 37 Pa. Code § 111.4(a)(3). However, if venue was transferred to Dauphin County, Governor Wolf could still file a motion pursuant to Section 8523(a) of the Judicial Code to have the case transferred to Greene County since venue is only proper in Dauphin County because that is where Governor Wolf's principal office is located. We note that in his preliminary objections, Governor Wolf specifically requested that the case be transferred to Greene County.

We also agree with the Philadelphia Common Pleas that transferring the case to Greene County is proper given that the cause of action involves acts that purportedly took place in Greene County. That venue is appropriate given the ease of access to sources of proof, availability of compulsory process for the attendance of unwilling witnesses, cost of obtaining attendance of willing witnesses, and possibility of a view of premises if any other problem arises which affects the ease, celerity or expense of the litigation. This is not to mention that 46 of the 55 defendants are employees of or affiliated with SCI-Greene.

Accordingly, because the Philadelphia Common Pleas did not abuse its discretion in transferring the case to Greene County,[5] the order is affirmed.

_____
DAN PELLEGRINI, Senior Judge

Judge Cosgrove did not participate in the decision of this case.

---

[5] Brown's argument that the trial court erred in sustaining the preliminary objections based on the doctrine of *forum non conveniens* is without merit because Governor Wolf did not raise this issue and the trial court specifically found that venue was improper, which is an appropriate ground for preliminary objections pursuant to Pa. R.C.P. No. 1028(a)(1).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                 :
          Appellant      :
                        :  No. 1898 C.D. 2016
          v.         :
                        :
Zygmont Pines and Tom Wolf  :

# **O R D E R**

AND NOW, this 20th day of June, 2017, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

_____

DAN PELLEGRINI, Senior Judge
